IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|     PLAINTIFF,                             ) | |
|                                                                ) | |
| VS.                                                          ) | CASE NO.:7:24-CR-79-ACA-JHE |
|                                                                ) | |
| DONTERIO RAEKWON NICKSON, ) | |
|     DEFENDANT.                        ) | |

## SENTENCING MEMORANDUM AND REQUEST FOR VARINCE ON BEHALF OF
## DONTERIO RAEKWON NICKSON

Comes now the defendant, Donterio Nickson, by and through the undersigned counsel of record and files this sentencing memorandum. The purpose of this pleading is to set forth the relevant factors and grounds this court should consider in determining what type and length of sentence is sufficient but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a) and the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220, (2005) in this cause.

    1. Mr. Nickson entered a plea to Count 1 Possession of a Machine Gun in violation of 18 U.S.C.§ 922(o), with penalties at 18 U.S.C. § 924(a)(2) which is a grade C felony.

    2. The advisory guideline range is 37 months to 46 months.

    3. Mr. Nickson entered a timely plea to the indictment and executed a written plea agreement wherein the government recommended a custodial sentence at the low end of the advisory guideline range. Mr. Nickson has cooperated fully with law enforcement at the time of his arrest. Mr. Nickson has zero criminal history.

4. Mr. Nickson would draw this Honorable Court's attention to paragraph 86 on page 18 of the Pre-Sentence Report referencing the U.S. Sentencing Commission's JSIN database and would respectfully ask for a variance to a sentence of 30 months custody. Mr. Nickson would remind this Honorable court that he was assigned a 4 point enhancement for Specific Offense Characteristic under paragraph 31 of the PSR. Mr. Nickson has yet to be tried and sentenced for the offenses out of Tuscaloosa county for which he was assigned those 4 points, thereby increasing his advisory guideline range substantially. He will have to face the consequences for those acts which trigger the 4 point enhancement.

4. Mr. Nickson would ask this Honorable court that he be given jail credit for the time he has been in federal custody instant case.

6. Since Mr. Nickson has never participated in any drug abuse program and the PSR indicated that he has a severe substance abuse disorder. Mr. Nickson would ask this court to recommend him to participate in the Bureau of Prison's Residential Drug Abuse Program.

7. Mr. Nickson would request he be given the opportunity to participate in vocational training while incarcerated.

8. A sentence of confinement close as possible to his home, Tuscaloosa,

Al. Mr. Nickson has been declared indigent and is unable to pay a fine.

In conclusion, Mr. Nickson would request any and all other relief as this Honorable Court may see fit to impose.

Respectfully Submitted this the 17th day of July, 2024.

*/s/ Kenneth J. Gomany*

Kenneth J. Gomany

Attorney for the Defendant.

Birmingham, Al 35244

205-706-3393

## CERTIFICATE OF SERVICE

This is to certify that I have electronically filed the above with the clerk of court using the CM/ECF system on this the 17th day of July 2024.

*/s/ Kenneth J. Gomany*

Of counsel